IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN NAUMAN,<br><br>          Petitioner,<br><br>    vs.<br><br>WARDEN GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA,<br><br>          Respondents. | Cause No. CV 16-145-M-DLC-JCL<br><br>FINDINGS AND RECOMMENDATIONS OF MAGISTRATE JUDGE |

This case comes before the Court on Petitioner Brian Nauman's application for writ of habeas corpus under 28 U.S.C. § 2254. Nauman is a state prisoner proceeding pro se.

On January 18, 2001, Nauman was sentenced to serve twenty years in prison, with ten of those years suspended, following a plea of guilty to sexually assaulting a twelve year old girl. Nauman served ten years in the Montana State Prison and was released in late 2010. See, *State v. Nauman*, 2016 MT 275N, ¶ 3.[1] On December 7, 2011, Nauman was charged with failure to register as a sex offender. *Id*. On November 21, 2012, Nauman entered a guilty plea to the charge, pursuant to *North Carolina v. Alford*, 400 U.S. 25 (1970). *Id*. at ¶ 4. Following his

---

[1] All of the state court opinions cited herein are available at: https://supremecourtdocket.mt.gov (accessed January 27, 2017).

1

sentencing and an appeal therefrom, Nauman sought to withdraw his plea. The trial court denied Nauman's motion. *Id*. at ¶ 6. The Montana Supreme Court affirmed the trial court's denial of Nauman's motion to withdraw.

In the petition pending before this Court, Nauman does not advance a challenge to the 2012 failure to register conviction or the proceedings stemming therefrom, rather, he seeks to challenge the underlying 2001 sexual assault conviction. Nauman contends that there was an anomaly in the manner in which the case was transferred from the justice court to the district court. Specifically, Nauman believes that, although a preliminary hearing was scheduled by the justice court, the hearing was somehow waived prior to the felony matter being transferred to the district court on April 2, 1999. (Doc. 1 at 3); (Doc. 1-1 at 12, Doc. Seq. 1). Nauman asserts he has attempted to locate the "waiver" and the "final disposition" documents in the justice court record, but has only been able to locate a document entitled "transfer receipt." It appears that Nauman was represented by counsel during these proceedings.

Nauman asserts he has attempted to raise this concern in the state courts. (Doc. 1-1 at 1-10). On February 12, 2013, the Montana Supreme Court placed a filing restriction on Nauman, requiring him to file a sworn motion for leave making a preliminary showing of merit prior to filing any additional original petitions in the Montana Supreme Court. (Doc. 1-1 at 15); *Nauman v. State*, OP

13-0061, Or. (Mont. Feb. 12, 2013). Nauman argues that this filing prohibition has hampered his access to the courts and, in turn, created a federal question for this Court to consider.

The petition at hand is not Nauman's first filing in this Court. He previously filed two habeas petitions, both challenging the 2001 conviction and sentence, which were consolidated. See, *Nauman v. State*, Cause No. CV 05-43-M-DWM-JCL, Or. (D. Mont. Aug. 29, 2007). The claims were dismissed as time-barred.[2] Nauman filed a subsequent habeas petition which was ultimately denied. *Nauman v. Mahoney*, No. CV 07-144-M-DWM-JCL, Or. (D. Mont. Aug. 1, 2008). During the pendency of those proceedings, Nauman was instructed that he must obtain leave from the Ninth Circuit Court of Appeals to file a second or successive petition before he could challenge that same conviction in this Court. *Nauman v. Mahoney*, No. CV 07-144-M-DWM-JCL, Findings and Recommendation at 4-5 (filed Nov. 30, 2007); 28 U.S.C. § 2254(b)(3)(A). Nauman then filed a subsequent habeas petition which was dismissed without prejudice for failing to state a claim for relief. *Nauman v. Law*, Cause No. CV 09-CV-123-DWM-JCL (D. Mont. Sept. 14, 2009).

This Court has reservations relative to Nauman's interpretation of the state of Montana's charging statutes and the procedures utilized leading up to his 2001

---

[2] Nauman raised one claim challenging the denial of parole; this claim was denied on its merits. *Nauman v. State*, Cause No. CV 05-43-M-DWM-JCL, Or. at 5 (D. Mont. Aug. 29, 2007).

conviction. And, while Nauman contends that because he has never previously raised this precise jurisdictional challenge in the federal courts, he may do so now and is "immune to any and all forms of 'procedural' restrictions" (doc. 1 at 1), Nauman is mistaken. This Court lacks jurisdiction to hear his claims.

Despite the previous directive, Nauman has not received authorization from the Circuit to file a successive habeas petition. Moreover, the claim that Nauman advances in the present petition seeks to attack his 2001 criminal conviction and judgment. This Court must dismiss any claim which was presented in a prior habeas petition. 28 U.S.C. § 2244(b)(1). A new claim in a second or successive petition must be dismissed even if not presented in a prior habeas petition, unless the claim rests on new law, new evidence, or Petitioner's actual innocence. 28 U.S.C. § 2244(b)(2). Even in the latter circumstance, leave of the Court of Appeals is required to maintain the successive petition. 28 U.S.C. § 2244(b)(3).

Nauman is required to raise his grounds for making a second or successive petition before the Ninth Circuit Court of Appeals, in a motion for leave to file a second or successive petition. "Before a second or successive application permitted by this section is filed in the district court, the applicant shall move in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). Until Nauman obtains leave from the Ninth Circuit Court of Appeals to file a successive habeas petition, this

Court has no jurisdiction to hear his claims. *Burton v. Stewart*, 549 U.S. 147, 149 (2007) (per curiam).

**Certificate of Appealability**

"The district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11(a), Rules governing § 2254 Proceedings. A COA should issue as to those claims on which a petitioner makes a "substantial showing of the denial of a constitutional right." 28 U.S.C.. § 2253(c)(2). The standard is satisfied if "jurists of reason could disagree with the district court's resolution of [the] constitutional claims" or "conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack v. McDaniel*, 529 U.S. 473, 484 (2000)).

A certificate of appealability should be denied because there is no doubt this Court lacks jurisdiction and there is no basis to encourage further proceedings at this time. Additionally, the Court is skeptical of Nauman's insistence that he has been denied access to the state courts. Based upon this Court's review, it appears Nauman has had ample opportunity to challenge the 2001 conviction in the Montana Supreme Court.[3] Further, the Montana state courts have ability to place

---

[3] Nauman has filed the following original proceedings in the Montana Supreme Court challenging the 2001 conviction: *Nauman v. Mahoney*, OP 06-0790, Or. deny Writ Habeas Corpus (Mont. Dec. 20, 2006); *Nauman v. MacDonald*, OP 08-0176, Or. Deny Writ Habeas

limitations on an individual who has exhausted all of the available avenues for relief or who is deemed to be a vexatious litigant. "The right to access the state's legal system is not an absolute right and may be reasonably restricted in light of a legitimate state interest." *Motta v. Granite County Com'rs*, 2013 MT 172, ¶ 18, 370 Mont. 469, 304 P. 3d 720. Likewise, the Ninth Circuit also allows for pre-filing orders to be entered against certain litigants. See, *Molski v. Evergreen Dynasty Corp.*, 500 F. 3d 1047 (9th Cir. 2007).

**Recommendation**

1. Mr. Nauman's Petition (Doc. 1) should be DISMISSED for lack of jurisdiction.

2. The Clerk of Court should be directed to enter, by separate document, a judgment of dismissal.

---

Corpus (Mont. Apr. 23, 2008); *Nauman v. Crossroads*, OP 08-0321, Or. Deny Writ Habeas Corpus (Mont. July 29, 2008); *Nauman v. Law*, OP 08-0405, Or. Deny Writ Habeas Corpus (Mont. Sept. 17, 2008); *Nauman v. Flathead Dist. Ct.*, OP 08-0489, Or. Deny Pet. Mandamus/Supervisory Control (Mont. Oct. 29, 2008)(Nauman cautioned about abusing filing privileges by filing repetitive and meritless petitions); *Nauman v. Law*, OP 08-0508, Or. Deny Pet. Writ Habeas Corpus (Oct. 29, 2008); *Nauman v. Law*, OP 08-0534, Or. Deny Pet. Writ Habeas Corpus (Nov. 13, 2008)(clerk directed not to accept any further petitions challenging Nauman's admission and guilty plea relative to the 2001 sexual assault conviction); *Nauman v. Law*, OP 09-0089, Or. Deny Writ. Habeas Corpus (March 3, 2009)(Nauman cautioned to refrain from filing petitions raising issues previously presented); *Nauman v. State*, OP 09-0248, Or. Deny Dec. Judg. (Mont. May 19, 2009)(Nauman advised Court will summarily dismiss any future petitions based upon the constitutionality of MCA § 45-5-502); *Nauman v. State*, OP 13-0061, Or. (Mont. Feb. 12, 2013)(Nauman required to file a sworn motion for leave making a preliminary showing of merit and meeting the criteria of stating a prima facie case prior to any new filings due to Nauman's abuse of right to access the court); *Nauman v. Kirkegard*, OP 13-0118, Or. Returning Pet. Writ of Habeas Corpus (Mont. Feb. 13, 2013)(directing Nauman to comply with Order in Cause No. OP 13-0061).

3. A certificate of appealability should be DENIED.

## NOTICE OF RIGHT TO OBJECT
## TO FINDINGS & RECOMMENDATION
## AND CONSEQUENCES OF FAILURE TO OBJECT

Mr. Nauman may object to this Findings and Recommendation within 14 days.[4] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Mr. Nauman must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this action without notice to him.

DATED this 30th day of January, 2017.

*/s/ Jeremiah C. Lynch*
Jeremiah C. Lynch
United States Magistrate Judge

---

[4] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.