IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
MISSOULA DIVISION

| | |
|---|---|
| BRIAN NAUMAN, | CV 16–145–M–DLC–JCL |
| Petitioner, | |
| vs. | ORDER |
| WARDEN GREEN, ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

United States Magistrate Judge Jeremiah C. Lynch entered his Findings and Recommendation on January 30, 2017, recommending dismissal of Petitioner Brian Nauman's ("Nauman") application for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Nauman, appearing pro se, timely filed objections and is therefore entitled to de novo review of those findings and recommendations to which he specifically objects. 28 U.S.C. § 636(b)(1)(C). This Court reviews for clear error those findings and recommendations to which no party objects. *See McDonnell Douglas Corp. v. Commodore Bus. Mach., Inc.*, 656 F.2d 1309, 1313 (9th Cir. 1981); *Thomas v. Arn*, 474 U.S. 140, 149 (1985). "Clear error exists if the Court is left with a definite and firm conviction that a mistake has been committed."

*United States v. Syrax*, 235 F.3d 422, 427 (9th Cir. 2000). Because the parties are familiar with the factual background of this case, it will not be repeated here.

Upon review of the objections, Nauman argues that the Findings and Recommendation err by improperly focusing on his 2012 conviction for failure to register as a sexual offender, and ignore the primary contention of his petition which seeks to challenge the procedural circumstances leading to his 2001 conviction for sexual assault. In his petition, Nauman contends that the state district court was somehow deprived of its jurisdiction when the felony matter was transferred from the justice court. As a result, Nauman asserts, his 2001 conviction was unlawful and the Court should issue a writ of habeas corpus and release him from incarceration.

Nauman states that Judge Lynch erroneously found that his claim was barred for lack of jurisdiction because his habeas petition was second or successive in nature. *See Burton v. Stewart*, 549 U.S. 147, 152–153 (2007) (describing how defendants who have previously filed unsuccessful habeas applications must seek leave from the appropriate court of appeals before filing a "second or successive" petition); *see also* 28 U.S.C. § 2254(b). Although it is difficult to decipher from the objections, Nauman apparently argues that his petition is not second or successive in nature because it raises new claims and

arguments not raised in previous habeas petitions. The Court disagrees.

As discussed by Judge Lynch, habeas law mandates that once an inmate files his first habeas petition attacking the legality of his detention, a federal district court must dismiss any claim raised in a second or successive petition, even if the claim was not raised in the first petition. 28 U.S.C. § 2244(b)(1). Instead, before the second or successive petition may be filed, the inmate must seek leave from the court of appeals to file the petition in district court. 28 U.S.C. § 2244(b)(3). As noted by Judge Lynch, Nauman has already filed two previous petitions challenging his 2001 conviction and both were dismissed as time-barred. *See Nauman v. Montana*, Cause No. CV 05–43–M–DWM–JCL, (D. Mont. Aug. 29, 2007). Thus, because Nauman seeks to challenge his 2001 conviction, he must seek leave from the Ninth Circuit Court of Appeals and obtain authorization to file his habeas petition in this Court.

Accordingly, the Court reviews the remainder of Judge Lynch's Findings and Recommendation for clear error and, finding none,

IT IS ORDERED that:

(1) Judge Lynch's Findings and Recommendation (Doc. 5) are ADOPTED IN FULL;

(2) Nauman's Petition (Doc. 1) is DISMISSED for lack of jurisdiction;

(3) The Clerk of Court is directed to enter, by separate document, a judgment of dismissal; and

(4) A certificate of appealability is DENIED.

Dated this 27th day of March, 2017.

Dana L. Christensen, Chief Judge
United States District Court